# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 18-31008 |
| | ) | |
| BENJAMIN F. HANLEY, | ) | Chapter 7 |
| SHAWNNA D. HANLEY, | ) | |
| Debtors. | ) | JUDGE JAMES P. SMITH |
| | ) | |
| | ) | |
| BOMASADA BHM CONSTRUCTION, LLC | ) | |
| Plaintiff, | ) | Adversary Proceeding Number: |
| v. | ) | |
| | ) | |
| BENJAMIN F. HANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OBJECTING TO DISCHARGE AND DISCHARGEABILITY OF DEBT**

Bomasada BHM Construction, LLC (the "**Plaintiff**" or "**Bomasada**"), files this complaint against Benjamin F. Hanley ("**Hanley**" or "**Defendant**"), one of the co-debtors in the above-referenced Chapter 7 case, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This Adversary Proceeding is being brought in connection with the above-captioned Chapter 7 bankruptcy case of the Defendant and his spouse, Shawnna D. Hanley (collectively, the "**Debtors**"), Case Number 18-31008, now pending in this Court. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 157(b)(2)(J).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**PARTIES**

4. Plaintiff is a commercial construction company with its principal place of business in Harris County, Texas.

5. Defendant is an individual who may be served with process at his residence at 9900 Nowhere Road, Hull, Georgia 30646. The Defendant is one of the Debtors in the above-captioned Chapter 7 bankruptcy case and is subject to the jurisdiction and venue of this Court.

**FACTUAL BACKGROUND**

6. On or about June 1, 2016, Plaintiff entered into a subcontract agreement (the "**Contract**") with Hanley Plumbing Company, Inc. ("**Hanley Plumbing**"), a Georgia corporation believed to be wholly owned by one or both of the Debtors.

7. At all times relevant to this Complaint, Hanley was the CEO and CFO of Hanley Plumbing, Inc.

8. Pursuant to the Contract, Hanley Plumbing was to provide plumbing services on a construction project to take place in Birmingham, Alabama (the "**Project**") on which the Plaintiff was the prime contractor.

9. In connection with the services it was to provide under the Contract, Hanley Plumbing utilized various subcontractors on the Project (the "**Subcontractors**").

10. Hanley Plumbing was obligated to compensate such Subcontractors prior to or in connection with receiving payments from Plaintiff.

11. In connection with each payment request Hanley Plumbing made to Plaintiff, an officer of Hanley Plumbing (i.e., Hanley) was obligated to provide to Plaintiff a written certification that, among other things, Hanley Plumbing had made all required payments to the Subcontractors.

12. Notwithstanding the foregoing, Hanley Plumbing failed to pay numerous Subcontractors during the course of the Project, yet Hanley Plumbing and Hanley routinely submitted fraudulent payment invoices, payment applications, lien waivers and certifications to Plaintiff falsely stating that Hanley Plumbing had paid the Subcontractors.

13. The purpose of submitting such false documents to Plaintiff was so that Plaintiff would be defrauded into making payments to Hanley Plumbing that included the amounts that had allegedly been paid to the Subcontractors.

14. As a result of the fraud of Hanley and Hanley Plumbing, Plaintiff was forced to incur hundreds of thousands of dollars in additional costs to pay the Subcontractors directly for work they had done for Hanley Plumbing on the Project. In addition, Plaintiff was forced to incur additional costs and expenses to perform work that Hanley Plumbing had been required to perform under the Contract.

15. Plaintiff subsequently commenced an arbitration action against Hanley and Hanley Plumbing before the American Arbitration Association as per the terms of the Contract.

16. An evidentiary hearing was held before the designated arbitrator, Richard P. Flake (the "**Arbitrator**") on February 8, 2018.

17. Neither Hanley nor Hanley Plumbing appeared at the hearing despite having received notice of the hearing.

18. Based on the evidence presented at the hearing, the Arbitrator ordered (a) Hanley Plumbing[1] to pay Plaintiff the sum of $486,222.29, and (b) Hanley and Hanley Plumbing, "[i]ndividually, jointly, and severally," to pay Plaintiff the sum of $145,772.15. A copy of the award issued by the Arbitrator (the "**Arbitration Award**") is attached hereto as <u>Exhibit A.</u>

---

[1] The Arbitration Award mistakenly referred to Hanley Plumbing as "Hanley Plumbing, Inc." rather than its proper name of "Hanley Plumbing Company."

- 3 -

19. In the Arbitration Award, the Arbitrator specifically found that the $145,773.15 award was for "[f]raud damages" and represented the "amounts paid to Hanley by [Plaintiff] for the benefit of project subcontractors, which Hanley did not pay to those subcontractors. *Hanley fraudulently submitted false payment applications, lien waivers and misapplied trust funds*." Arbitration Award, p. 2. (Emphasis added.)

20. To date, neither Hanley nor Hanley Plumbing have paid any amount to Plaintiff in satisfaction of the Arbitration Award.

21. On or about September 21, 2018, the Debtors filed with the Court a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code.

## COUNT I

### OBJECTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(a)(2)

22. The Plaintiff re-alleges and incorporates by reference the facts and allegations contained in Paragraphs 1 through 21 above as if the same were fully set forth herein.

23. Hanley, with intent to deceive Plaintiff, made materially false statements and written misrepresentations to the Plaintiff.

24. Among the materially false statements and written misrepresentations made by Hanley to the Plaintiff were that Hanley and/or Hanley Plumbing had paid subcontractors utilized by Hanley and Hanley Plumbing on Plaintiff's project.

25. Hanley intended that Plaintiff rely on such misrepresentations to pay monies to Hanley and Hanley Plumbing to which they were not entitled.

26. Plaintiff reasonably and justifiably relied on Hanley's materially false representations and paid monies to Hanley and Hanley Plumbing as a result.

27. Per the foregoing, Hanley obtained money from Plaintiff by false pretenses, false representations and actual fraud within the meaning of 11 U.S.C. § 523(a)(2).

28. Plaintiff was damaged to the extent of at least $145,772.15 by Hanley's fraud, plus pre-judgment interest, post-judgment interest, costs and attorneys' fees.

29. Hanley has acted in bad faith and caused Plaintiff unnecessary trouble and expenses. Therefore, Plaintiff is entitled to recover from Hanley all costs and expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11.

30. Hanley's actions show willful misconduct, malice, fraud, wantonness, and the entire want of care which raised the presumption of conscious indifference to the consequences. Therefore, Plaintiff is entitled to an award of punitive damages from Hanley pursuant to O.C.G.A. 51-12-5.1.

31. For all of the foregoing reasons, Plaintiff is entitled to a judgment against Hanley in an amount of at least $145,772.15, plus pre-judgment interest, post-judgment interest, costs, attorneys fees, punitive damages, and additional amounts to be determined at trial, all of which is excepted from discharge pursuant to 11 U.S.C. §523(a)(2).

## COUNT II

### OBJECTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(a)(4)

32. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in Paragraphs 1 through 31 above as if the same were fully set forth herein.

33. By hiring and accepting money to be paid to the subcontractors, Hanley was acting in a fiduciary capacity to the Plaintiff and/or the subcontractors.

34. Hanley's debt to the Plaintiff arose from fraud while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

35. Moreover, Hanley's actions constitute theft under O.C.G.A. 16-8-15 for which a debt is not dischargeable under 11 U.S.C. S 523(a)(4).

36. Accordingly, Hanley's debt to the Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(4)

## COUNT III

## OBJECTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(a)(6)

37. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in Paragraphs 1 through 36 above as if the same were fully set forth herein.

38. Hanley's actions caused willful and malicious injury to Plaintiff within the meaning of 11 U.S.C. § 523(a)(6).

39. Accordingly, Hanley's debt to Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(6).

## RESERVATION OF RIGHTS

40. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 above, as if the same were fully set forth herein.

41. Plaintiff reserves the right to pursue any and all claims against one or both of the Debtors and any co-conspirators or transferees as allowed by state law and bankruptcy law. Plaintiff further reserves its rights to amend this Complaint to assert other bases for nondischargeability of debt.

WHEREFORE, Plaintiff prays that this Court:

a. Enter a non-dischargeable judgment in favor of Plaintiff and against Hanley for damages in an amount no less than $145,772.15, plus pre-judgment interest, post-judgment interest, costs, attorneys' fees and punitive damages, and excepting such debt to the Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

b. Enter a judgment excepting Hanley's debt to the Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(4);

c. Enter a judgment excepting Hanley's debt to the Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(6); and

d. Grant such other and further relief as this Court deems just and proper.

This 30th day of January, 2019.

Respectfully Submitted,

SCROGGINS & WILLIAMSON, P.C.

4401 Northside Parkway  
Suite 450  
Atlanta, GA 30327  
T: (404) 893-3880  
F: (404) 893-3886  
E: rwilliamson@swlawfirm.com  
  hkepner@swlawfirm.com

/s/ J. Hayden Kepner, Jr.  
J. ROBERT WILLIAMSON  
Georgia Bar No. 765214  
J. HAYDEN KEPNER, JR.  
Georgia Bar No. 416616

*Counsel for Plaintiff*

## AMERICA ARBITRATION ASSOCIATION
CONSTRUCTION INDUSTRY ARBITRATION TRIBUNAL

CAUSE NO. 01-17-0005-3612

| | | |
|---|---|---|
| BOMASADA BHM CONSTRUCTION, LLC | § § § § | |
| Claimant, | | |
| v. | § § | AMERICAN ARBITRATION ASSOCIATION |
| HANLEY PLUMBING, INC. and BENJAMIN F. HANLEY | § § § | |
| Respondents. | | |

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement between Bomasada BHM Construction, LLC and Hanley Plumbing, Inc. in the Subcontract between them dated June 1, 2016, and having been duly sworn and having duly heard the proofs and allegations of the parties issue the following AWARD.

The final evidentiary hearing in this matter between Bomasada BHM Construction, LLC ("Claimant") and Hanley Plumbing, Inc. and Benjamin F. Hanley ("Respondents") (hereafter sometimes referred to as the "Parties") was convened as scheduled at 9:00 a.m. on February 8, 2018 in the Houston offices of Richard P. Flake, PLLC. Claimant appeared in person and through their attorney and announced ready for final hearing. Neither of the Respondents appeared, although due notice of the hearing was given. Further, Respondents were notified of the final hearing dates by the American Arbitration Association, both via email and through certified mail/return receipt requested on multiple occasions. Specifically, the Respondents were notified of the case procedural order by certified mail/return receipt requested on December 8, 2017 and were again notified of the final hearing date by certified mail/return receipt requested on February 1, 2018.

On the day of the final hearing on the merits, the hearing was delayed an appropriate amount of time to determine if Respondents would attend the hearing. They did not attend and consequently the hearing proceeded at 9:30 a.m. with opening statements by the Claimant. Witnesses were called and sworn, and all witnesses presented testimony and evidence under oath. All testimony and exhibits offered, and not withdrawn, were admitted. There was no official record of the hearings. The hearing on the merits concluded at approximately 12:00 noon on February 8, 2018.

After the final hearings were concluded, post-hearing briefs were timely filed by Claimant, and although further notice was again given to Respondents, they submitted nothing. The hearings were officially closed on February 28, 2018. All the evidence was considered and given the appropriate weight as determined by the Arbitrator. Considering the pleadings, the credible evidence, the arguments of counsel, both oral and written, and relevant law, the Arbitrator finds and AWARDS as follows:

Claimant has shown by a preponderance of the evidence that Respondents breached the Contract and additionally proved its fraud claim against Respondent Hanley individually. As a proximate result, Claimant suffered actual damages as awarded below. It should be noted that Claimant was not awarded one hundred percent of its damage claims, as some of the requested damages were not proven by a preponderance of the evidence.

Accordingly, the Arbitrator hereby renders this decision in favor of Claimant and awards Claimant the following relief:

1. Hanley Plumbing, Inc. shall pay to Bomasada BHM Construction, LLC the sum of $486,222.29, itemized as follows:

   | | |
   |---|---:|
   | Amount remaining in Hanley Plumbing subcontract | $1,392,340.00 |
   | Less applications paid | ($805,618.40) |
   | Less Back Charges | ($578,655.00) |
   | Purchase Orders to vendors | ($ 16,223.56) |
   | Additional Payroll/Labor | ($270,104.84) |
   | Workman's Compensation | ($ 25,636.11) |
   | 20% Overhead charge per contract | ($112,833.63) |
   | Attorneys Fees (Jackson Walker) | ($ 37,144.50) |
   | Attorneys Fees (Sirote & Permutt) | ($ 29,731.25) |
   | Attorneys Fees (Bainbridge, Mims) | ($ 2,615.00) |

   Damages owed by Hanley Plumbing, Inc. and awarded to Bomasada BHM Construction, LLC:

   $486,222.29

2. Hanley Plumbing, Inc and Benjamin F. Hanley, Individually, jointly and severally, shall pay to Bomasada BHM Construction, LLC the sum of $145,772.15, representing amounts paid to Hanley by Bomasada BHM Construction, LLC for the benefit of project subcontractors, which Hanley did not pay to those subcontractors. Hanley fraudulently submitted false payment applications, lien waivers and misapplied trust funds.

   Fraud damages jointly and severally owed by Hanley Plumbing, Inc. and Benjamin F. Hanley, Individually and awarded to Bomasada BHM Construction, LLC:

   $145,772.15

3.     The administrative fees and expenses of the American Arbitration Association (the "Association") totaling $6,250.00 and the compensation and expenses of the arbitrator totaling $3,000.00 shall be borne by Hanley Plumbing, Inc.  Therefore, Hanley Plumbing, Inc shall reimburse Bomasada BHM Construction, LLC the sum of $9,250.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Bomasada BHM Construction, LLC.

4.     This Award is in full settlement of all claims counterclaims and cross-claims submitted to this Arbitration.  All claims not expressly granted herein are hereby denied.

SIGNED: _____          DATED: _March 28, 2018_
Richard P. Flake, Arbitrator